Filed 5/22/24  P. v. Langston CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STANLEY MEADOW LANGSTON,<br><br>    Defendant and Appellant. | E082733<br><br>(Super.Ct.No. 16CR027001)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Dismissed.

Stanley Meadow Langston, in pro. per.; Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Stanley Langston appeals the denial of his Penal Code section 1172.75[1] petition. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Langston filed his own supplemental brief. We dismiss.

BACKGROUND

In 2019, Stanley Langston pled guilty to attempted murder (§§ 664/187, subd. (a)) and admitted he personally used a firearm (§ 12022.53, subd. (b)). In August 2022, he filed a motion seeking resentencing under section 1172.75, which the trial court denied. Langston appealed, and in April 2023, we dismissed his appeal and noted Langston was not eligible for relief under section 1172.75. (*People v. Langston* (Apr. 6, 2023, E080335) [2023 WL 2801953] [nonpub. opn.].)

In June 2023, Langston personally filed another motion for resentencing under section 1172.75. In November 2023, while his new petition for resentencing was pending, Langston personally filed a motion under *People v. Marsden* (1970) 2 Cal.3d 118 and *Faretta v. California* (1975) 422 U.S. 806 citing dissatisfaction with, and alleged ineffective assistance of counsel.

In November 2023, the court held a hearing on Langston's petition for resentencing under section 1172.75, and denied it because he was not eligible for relief. The court acknowledged Langston's motion regarding his dissatisfaction with counsel, but did not rule on it. The court also stated that it did not believe Langston needed to be

---

[1] Unlabeled statutory citations refer to the Penal Code.

2

present for the hearing, despite his request to be present, because he was not eligible for relief and therefore would not be resentenced.

ANALYSIS

On Langston's request, we appointed counsel to represent Langston on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order, a defendant does not have a constitutional right to independent review under *Wende/Anders*[2] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.) Nevertheless, the court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid*.) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid*.) Here, after appellate counsel filed a brief notifying us Langston's appeal presented no arguable issues, we offered Langston an opportunity to file a personal supplemental brief, and he did.

---

[2] *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.

3

This appeal comes from the denial of Langston's request for resentencing under section 1172.75. However, "section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements." (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447.) "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the [trial] court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384.) When a defendant appeals the denial of such a motion, the appropriate remedy is to dismiss. (See *Burgess*, at p. 385; *Escobedo*, at p. 452.)

Moreover, even if Langston could bring a petition on his own, he would not be eligible for relief. Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b) before January 1, 2020, and permits courts to resentence defendants serving terms which include such prior prison term enhancements. Langston's sentence does not include a prior prison term enhancement, only an enhancement for personal use of a firearm imposed under section 12022.53, subdivision (b). Thus, section 1172.75 offers Langston no relief.

4

Because Langston was not authorized to bring a petition under section 1172.75, and was not eligible for relief even if he could, he is not authorized to appeal from the denial of his petition. Therefore, we need not address any of the arguments in his supplemental brief and dismiss.

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.